IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEJANDRO RAMIREZ-ANZO, ) <br> and OZMENT LAW, ) <br> ) <br>     *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY – U.S. IMMIGRATION AND ) <br> CUSTOMS ENFORCEMENT, ) <br> ) <br>     *Defendant.* ) | **Case No.: 3:13-cv-682** <br> Judge Nixon <br> Magistrate Judge Knowles |

## FIRST AMENDED COMPLAINT

1.  Plaintiff Alejandro Ramirez-Anzo ("Plaintiff Ramirez"), and his counsel, Ozment Law, bring this action for declaratory and permanent injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, to compel an adequate search for and prompt disclosure of agency records improperly withheld by Defendant Department of Homeland Security ("DHS") through its agency component, U.S. Immigration and Customs Enforcement ("ICE").[1]

2.  Plaintiffs challenge ICE's failure to respond to a direct request to ICE for agency records ("Direct Request") pertaining to Mr. Ramirez-Anzo, which Plaintiffs submitted via email on April 9, 2013.

3.  Plaintiffs also challenge ICE's failure to adequately search for and promptly disclose agency records that DHS agency component U.S. Citizenship and Immigration Services

---

[1] The First Amended Complaint is identical to the Complaint filed Jul. 11, 2013 in every respect, save one: It includes Exhibits A-F, which were not docketed in the original filing.

("USCIS") referred to ICE for review in response to Plaintiffs' April 9, 2013, FOIA request to USCIS, case number NRC2013044701 ("USCIS Referral").

## PARTIES

4. Plaintiff **Alejandro Ramirez-Anzo** is a resident of Nashville, Tennessee.

5. Plaintiff **OZMENT LAW** is a law firm with its main office and principal place of business in Nashville, Tennessee. Acting as legal representative and agent for its client, Mr. Ramirez-Anzo, OZMENT LAW submitted a request on Plaintiff's behalf. OZMENT LAW is a party to this action only to the extent that it served as the formal requester of records as agent for its client, the true party-in-interest. All further references to "Plaintiff" refer to Mr. Ramirez-Anzo.

6. Defendant **Department of Homeland Security – U.S. Immigration and Customs Enforcement** ("ICE") is an "agency" within the meaning of 5 U.S.C. § 552(f).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331 and 1361. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

### THE DIRECT REQUEST

8. At 6:25 p.m. on April 9, 2013, Plaintiff, through counsel, submitted a FOIA request to ICE using the email address ICE designated for such requests. Exhibit A – Emailed Direct Request with Attachment (Apr. 9, 2013).[2]

---

[2] Pursuant to Fed. R. Civ. P. 5.2 and this Court's Local Rules regarding Electronic Filing, Plaintiff's date of birth, home address, telephone number, and portions of his personally identifying "A-Number are redacted.

9. Less than thirty seconds later, ICE emailed a "courtesy reply" confirming receipt of Plaintiff's FOIA request in the ICE-FOIA@dhs.gov mailbox. Exhibit B – Emailed ICE Reply Confirming Receipt (Apr. 9, 2013).

10. ICE's email confirming receipt of Plaintiff's request states: "If you are submitting a FOIA request, this courtesy reply does not replace the Acknowledgement Letter which will be sent to you once your request has been entered into our FOIA Request Tracking System."

11. Plaintiff has not received any acknowledgement letter from ICE.

12. In phone calls from Plaintiff's counsel to ICE's FOIA office, ICE stated it was unable to locate Plaintiff's April 9, 2013 Direct Request in its FOIA Request Tracking System, notwithstanding its original reply confirming receipt.

13. As of the date of this filing, ICE has provided Plaintiff no response to Plaintiff's Direct Request.

### THE USCIS REFERRAL

14. On April 9, 2013, Plaintiff submitted a separate FOIA request to DHS agency component USCIS. Exhibit C – FOIA Request to USCIS (Apr. 9, 2013).

15. On May 2, 2013, USCIS sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA request and assigning control number NRC2013044701. Exhibit D – USCIS Acknowledgement Letter (May 2, 2013).

16. On June 4, 2013, USCIS disclosed eighty pages of agency records, with 29 released in their entirety and four pages released in part. Exhibit E – USCIS FOIA Response Cover Letter (Jun. 4, 2013).

17. The remaining 47 pages of USCIS's FOIA response were neither disclosed nor formally withheld pursuant to a recognized FOIA exemption, but rather, "Referred to

Immigration and Customs Enforcement " Exhibit F – Representative Sample of ICE Referral Page from USCIS Response (Jun. 4, 2013).

18. USCIS states in its June 4, 2013 response:

> During our review, USCIS located a potentially responsive document(s) that may have originated from U.S. Immigration and Customs Enforcement (ICE). USCIS has sent the document(s) and a copy of your FOIA request to the ICE FOIA Office for consideration and direct response to you. Should you wish to contact ICE concerning the status of the processing of the document(s), please contact the ICE FOIA Office via phone at (866) 633-1182 or via e-mail at ICE-FOIA@dhs.gov. The ICE FOIA Office mailing address is 500 12th Street, S.W., MS 5009, Washington, D.C. 20536-5009.

19. Plaintiff received no records or other communications from ICE in response to the USCIS referral on June 4, 2013.

### PLAINTIFF'S UPCOMING IMMIGRATION COURT HEARING

20. Plaintiff is currently scheduled for a hearing before the Executive Office for Immigration Review – Memphis Immigration Court on July 18, 2013, in his ongoing removal proceeding.

21. The general purpose of this hearing is for Plaintiff to plead to the factual allegations and charges of removability ICE has brought against him in Immigration Court.

22. ICE's Office of Chief Counsel (OCC) in New Orleans, Louisiana, exercises supervisory responsibility over the prosecuting attorneys in the Memphis Immigration Court.

23. ICE OCC in New Orleans maintains a policy and practice asserting the FOIA is the only means a respondent in removal proceedings has to obtain government records, including records ICE created, that may assist in defending a removal proceeding.

24. Plaintiff has a constitutional, statutory, and regulatory right to be adequately and competently represented by counsel (at his own expense) in removal proceedings.

25. Access to the agency records Plaintiff seeks is essential to vindicating his fundamental right to counsel. Accordingly, Plaintiff submitted a copy of his hearing notice and sought expedited "Track 3" Processing for his Direct Request to ICE and his USCIS FOIA request. So that he could have access to those records prior to his next hearing.

## CLAIMS FOR RELIEF
### COUNT I
### DEFENDANT ICE HAS INADEQUATELY SEARCHED FOR AND IMPROPERLY WITHHELD AGENCY RECORDS
### (DIRECT REQUEST)

26. Plaintiff re-alleges and re-avers the preceding paragraphs, and the preceding paragraphs are incorporated herein by reference.

27. ICE confirmed receipt of Plaintiff's Direct Request on April 9, 2013.

28. ICE has failed to respond to Plaintiff's Direct Request within the time limits set by the FOIA. 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(B). This failure constitutes a constructive denial of Plaintiff's request.

29. Plaintiff has constructively exhausted all administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

30. By failing to promptly conduct an adequate search for and produce agency records in response to Plaintiff's Direct Request, Defendant ICE violated Plaintiff's rights under the FOIA and improperly withheld agency records.

31. Accordingly, Plaintiff and OZMENT LAW are entitled to seek an order from this Court enjoining ICE from withholding agency records and an order to produce any agency records ICE has improperly withheld from Plaintiff. 5 U.S.C. § 552(a)(4)(B).

### COUNT II
### DEFENDANT ICE HAS INADEQUATELY SEARCHED FOR AND IMPROPERLY WITHHELD AGENCY RECORDS
### (USCIS REFERRAL)

32. Plaintiff re-alleges and re-avers the preceding paragraphs, and the preceding paragraphs are incorporated herein by reference.

33. USCIS referred to ICE at least 47 pages of agency records in response to Plaintiff's FOIA request to USCIS on or around June 4, 2013. 6 C.F.R. §§ 5.4(c), (d). *See generally* 5 U.S.C. § 552(a)(6)(B)(iii)(III).

34. Because USCIS's referral of records to ICE was reasonable and required by DHS's regulations, USCIS has acquitted itself of its responsibility to respond to Plaintiff's USCIS FOIA request. *See Keys v. Department of Homeland Security*, 570 F. Supp. 2d 59 (D.D.C. 2008); *McGehee v. CIA*, 697 F.2d 1095 (D.C. Cir. 1983).

35. ICE has failed to respond to the USCIS Referral within the time limits set by the FOIA. 5 U.S.C. §§ 552(a)(6)(A), 552(a)(6)(B). This failure constitutes a constructive denial of Plaintiff's request.

36. Plaintiff has constructively exhausted all administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

37. By failing to promptly respond, conduct an adequate search for, and timely produce agency records in response to the USCIS Referral, Defendant ICE has violated Plaintiff's rights under the FOIA and improperly withheld agency records.

38. Accordingly, Plaintiff is entitled to seek an order from this Court enjoining ICE from withholding agency records, and an order to produce any agency records ICE has improperly withheld from Plaintiff. 5 U.S.C. § 552(a)(4)(B).

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment against Defendants as so follows:

(1) Assume jurisdiction over this matter;

(2) Order Defendant ICE to conduct an adequate search for agency records and produce records improperly withheld;

(3) Enjoin Defendant ICE from improperly withholding agency records responsive to Plaintiff's Direct Request and/or the USCIS Referral;

(4) Award Plaintiff costs and fees as provided by 5 U.S.C. § 552(a)(4)(E);

(5) Grant such further relief as this Court may deem just and proper.

DATED: July 12, 2013            Respectfully submitted,

Elliott Ozment (BPR # 4331)
Tricia R. Herzfeld (BPR # 26014)

*/s/ R. Andrew Free*

_____
R. Andrew Free (BPR # 30513)
**OZMENT LAW**
1214 Murfreesboro Pike
Nashville, TN 37217
Phone: (615) 321-8888
Fax: (615) 321-5230
afree@ozmentlaw.com
*Counsel for the Plaintiff*